**Sarabjit Singh TAKHAR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–70020.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2009.

Filed Sept. 16, 2009.

Antonio R. Salazar, Esquire, Salazar Law Office, Seattle, WA, for Petitioner.

Julie M. Iversen, Trial, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, OIL, Annette Marie Wietecha, Trial, Ai-

mee J. Frederickson, Trial, WWS–District Counsel, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, KLEINFELD and BERZON, Circuit Judges.

### MEMORANDUM *

Sarabjit Singh Takhar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). As the facts of the case are known to the parties, we need not repeat them here.

In his petition for review, Takhar argues that because the BIA found the IJ's adverse credibility determination clearly erroneous, it should also have credited his explanation for failing to produce any corroborating evidence. In his brief before the BIA, however, Takhar "d[id] not contest the [IJ's] finding that he should have provided ... corroborating statements." Takhar therefore failed to exhaust this claim, and we are barred "from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

As the corroboration requirement was the only ground for the BIA's denial of Takhar's claims, we may not consider any of his other contentions. *See Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

Accordingly, Takhar's petition for review is

**DISMISSED.**

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.